IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

TIMOTHY IVIE,

Plaintiff,

CASE NO.: 8:14 cv 947 T 27 AEP

-VS-

JURY TRIAL DEMANDED

SANTANDER CONSUMER USA INC.,

Defendant.

/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

6. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

7. Plaintiff is an "alleged debtor."

2014 APR 21 PM 1:11
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA





8. Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9. Santander Consumer USA Inc. ("Defendant") is a corporation with its principal place of business 8585 North Stemmons, Suite 1100-N, Dallas, TX 75247, and conducting business in the State of Florida through its registered agent CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324

10. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

12. Defendant began placing harassing calls to the Plaintiff at (727) 495-2960, however Defendant never had express consent to call this cell phone number.

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Each call the Defendant made to the Plaintiff's cell phones was done so without the "express permission" of the Plaintiff.

16. In or about 2009, Plaintiff received telephone calls to his cellular telephone, number (727) 495-2960, from the Defendant. Plaintiff informed the Defendant that he did not want to receive further phone calls and requested to be taken off their call list.

17. Plaintiff repeatedly revoked any consent to call his cell phone which the Defendant may have thought it had.

18. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer to make the calls stop.

19. Despite actual knowledge they did not have the consent of the Plaintiff; the Defendant continued the campaign of abuse.

20. Each time the Plaintiff would call to schedule an upcoming payment, Defendant would capture his phone number and ask if they could contact him on the new number. He replied in the negative.

21. Plaintiff also received harassing telephone calls from the Defendant on his cellular telephone numbers (727) 815-6172 and (727) 488-5141.

22. Plaintiff never provided the Defendant with any of his cellular telephone numbers; including but not limited to (727) 495-2960, (727) 488-5141, (727) 815-6172 and (727) 277-3234.

23. From 2009 through January 2013, Plaintiff requested for the calls, from the Defendant, to stop countless times. Plaintiff would explain in addition to not consenting to the calls, he was recovering from medical procedures due to a chronic ailment.

24. Plaintiff received approximately five hundred (500) illegal calls from Defendant from 2009 through January 2013.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

26. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they do not consent to the calls.

27. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not consent to the calls.

29. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

31. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

33. The constant harassing and illegal calls from the Defendant caused Plaintiff to suffer undue stress and anxiety.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. None of Defendant's auto-dialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he did not wish to be called.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

40. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**

45. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

46. Defendant's actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

47. The extreme and outrageous character of the conduct is also exaggerated by Defendant's special relationship with Plaintiff: as a corporate lender / servicer who holds a security interest in Plaintiff's property, Defendant is in a unique position of power and leverage over Plaintiff as a consumer borrower.

48. Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

49. As a direct and proximate result of Defendant's conduct Plaintiff suffered severe emotional distress and mental anguish.

50. Plaintiff's emotional distress is severe and ongoing.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and

judgment against Defendant for actual damage, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

William Peerce Howard, Esq.
Florida Bar No.: 0103330
Attorney for Plaintiff
Morgan & Morgan, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
bhoward@forthepeople.com